IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN D. FLECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3071 |
| | ) | |
| JAMES P. McNAMARA, J. ZEID | ) | |
| LANGAN, and R. IRWIN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant James P. McNamara's Motion to Dismiss Count I Pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 7). Fleck alleges in Count I of the Complaint (d/e 1) that the Defendants, James McNamara, J. Zeid Langan, and R. Irwin (collectively, "Defendants"), conspired with each other to deprive Fleck of his right to be free from arrest without probable cause; deprived him of his liberty without due process of law; and deprived him of equal protection of the laws, in violation of his rights guaranteed by the Fourth and Fifth Amendments of the Constitution of the United States and 42 U.S.C.

1

§1983. Defendant moves to dismiss claiming Plaintiff does not allege sufficient facts or allegations to support a cause of action. For the reasons set forth below, the Court finds that Fleck alleges facts that would sustain a claim for conspiracy under 42 U.S.C. §§1983 and 1985(3). The Motion to Dismiss is therefore denied.

## STATEMENT OF FACTS

The Plaintiff alleges on or about September 2, 2006, Defendant McNamara stopped Fleck for speeding. Defendant McNamara then used pepper spray on Fleck twice before arresting him for Driving Under the Influence (DUI) without probable cause.

Fleck then alleges Defendants Langan and Irwin arrived on the scene. All three Defendants then grabbed Fleck and repeatedly attempted to force him into a squad car which caused Fleck to strike the car. At this point, the Defendants allegedly began to strike and kick Fleck all over his body. After arriving at the Sangamon County Jail, Fleck took a breath analysis test which revealed a blood alcohol concentration well below the legal limit. Instead of being charged with DUI, he was charged with Resisting a Peace Officer, again without probable cause. The charges were ultimately dropped.

In Count I Plaintiff alleges a conspiracy between the Defendants to deprive Fleck of his statutory and constitutional rights. Plaintiff seeks compensatory and punitive damages for these alleged acts. McNamara moves to dismiss this Count.

## ANALYSIS

For the purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in Count I of the Complaint and draw all inferences in the light most favorable to the Plaintiff. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claim showing that Fleck is entitled to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007); Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, 499 F.3d 663 (7th Cir. 2007). A well-pleaded complaint may proceed even if a judge believes that proof of those facts is improbable and that a recovery is unlikely. Twombly, 127 S. Ct. at 1965.

When viewed in the light most favorable to Fleck, the allegations, if true, would support a claim that Defendants conspired to deprive Fleck of his civil rights. To establish a civil rights conspiracy, Fleck must allege: (1)

3

an agreement by Defendants, (2) to deprive Fleck, either directly or indirectly, of his right against unlawful seizures, (3) an act in furtherance of the agreement, and (4) an injury to his person or any right or privilege of a citizen of the United States. 42 U.S.C. §§ 1983, 1985(3); <u>Wright v. Illinois Dept. Of Children & Family Services</u>, 40 F.3d 1492, 1507 (7th Cir. 1994); <u>Keri v. Bd. of Trustees of Purdue University</u>, 458 F.3d 620, 642 (7th Cir. 2006).

Fleck alleges there was a conspiracy between the Defendants to unlawfully seize the Plaintiff. <u>Complaint</u>, at 6. Further, the Defendants allegedly acted on this conspiracy by beating and imprisoning the Plaintiff which led to temporary and permanent disability, pain and suffering, and loss of income. <u>Complaint</u> at 5-6. Each element of a § 1985(3) claim is sufficiently alleged by the paragraphs of the Complaint under the requirements of notice pleading.

McNamara argues the Plaintiff fails to state a claim because there are no allegations which would establish an agreement between the Defendants and because Defendant McNamara had arrested the Plaintiff before the other Defendants arrived. Defendant's Motion at 1. While a significant amount of the events occurred solely between the Plaintiff and Defendant

McNamara before the other Defendants arrived, the Plaintiff still alleges the three Defendants acted in concert by forcing the Plaintiff to strike the side of a squad car while trying to get him inside of the car. <u>Complaint</u>, at 4. Further, there are allegations the Defendants jointly hit and kicked the Plaintiff. These allegations that Defendants acted in concert are sufficient to state a claim for conspiracy.

  THEREFORE, Defendant's Motion to Dismiss Count I (d/e 7) of the Complaint is denied.

IT IS THEREFORE SO ORDERED.

ENTER: May 28, 2008

  FOR THE COURT:

             s/ Jeanne E. Scott
             JEANNE E. SCOTT
          UNITED STATES DISTRICT JUDGE