IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN D. FLECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3071 |
| | ) | |
| JAMES P. McNAMARA, J. ZEID | ) | |
| LANGAN, and R. IRWIN, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants J. Zeid Langan and R. Irwin's Motion for Judgment on the Pleadings (d/e 20).  For the reasons set forth below, the Motion is ALLOWED in part.

The Court previously denied Defendant James McNamara's Motion to Dismiss.  Opinion entered May 28, 2008 (d/e 10) (Opinion).  The Court recited the allegations in detail in the Opinion.  Id., at 2-3.  Essentially, Fleck alleges that on September 2, 2006, Defendant Sangamon County Sheriff's Deputy McNamara arrested him without probable cause during a traffic stop.  During the stop, Defendants Springfield Police Officers Langan

1

and Irwin arrived on the scene and conspired with McNamara to deprive Fleck of his constitutional rights by repeatedly banging him up against the squad car and by beating and kicking him without provocation. Fleck alleges constitutional claims against the three Defendants for conspiracy to violate his rights. Complaint (d/e 1), Count I. Fleck alleges separate claims for violation of his constitutional rights against each Defendant. Complaint, Counts II-IV. Finally, Fleck alleges state law claims against the Defendants for willful and wanton conduct. Complaint, Counts V-VII. Langan and Irwin now move for judgment on the pleadings.

## ANALYSIS

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). The Court must accept as true all well-pleaded factual allegations contained in the pleadings and draw all inferences in the light most favorable to Fleck. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the pleadings must set forth a short and plain statement of the claim showing that Fleck is entitled to relief. Fed. R. Civ.

2

P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007).  The Court will address each Count against Langan and Irwin in order.

I.   COUNT I

Count I alleges that the Defendants conspired to violate Fleck's rights by: (1) arresting him without probable cause, and (2) using excessive force. The Court already determined that Fleck sufficiently alleged a conspiracy claim. Opinion, at 3-5.  Langan and Irwin argue that Fleck does not allege a conspiracy to arrest without probable cause because they did not arrive at the scene until after McNamara had arrested Fleck.  Fleck concedes this point.  Response to Motion for Judgement on the Pleadings Filed by Defendants Langan and Irwin (d/e 21), at 1. Langan and Irwin are therefore entitled to a partial judgment on the pleadings to the extent that Count I alleges a conspiracy to arrest him without probable cause.  Judgment is denied on that part of Count I that alleges a conspiracy to violate Fleck's rights by using excessive force.

Langan and Irwin also argue that they are entitled to judgment on Count I because the Illinois Local Government Tort Immunity Act (Tort

Immunity Act) immunizes them from liability for the actions of others. 745 ILCS 10/2-204. The Tort Immunity Act does not apply to federal claims. Payne for Hicks v. Churchich, 161 F.3d 1030, 1038 (7th Cir. 1998). The request for judgment on the remainder of Count I is denied.

II.     COUNTS III and IV

Fleck alleges claims of use of excessive force against Langan and Irwin in Counts III and IV. Langan and Irwin move for judgment on the grounds that they are entitled to qualified immunity. The Motion is denied. Qualified immunity is an affirmative defense. To overcome qualified immunity at this stage, Fleck must allege that Langan and Irwin violated his clearly established constitutional rights. Smith v. City of Chicago, 242 F.3d 737, 742 (7th Cir. 2001). The right to be free from excessive force was clearly established. Graham v. Connor, 490 U.S. 386, 397 (1989). Under Graham, an officer violated that right if his conduct was not objectively reasonable. Id., at 397. Fleck alleges that Langan and Irwin repeatedly banged him up against a squad car, kicked him, and beat him. They did so without provocation after he had already been handcuffed and sprayed with mace. Complaint, ¶¶ 11-15. When read in the light most favorable to Fleck, these actions were not objectively reasonable and constituted

excessive force in violation of Fleck's clearly establish constitutional rights. Langan and Irwin are not entitled to judgment on the pleadings based on the doctrine of qualified immunity.

Langan and Irwin argue that the allegations show that Fleck was resisting arrest and that they could reasonably believe that the force used was reasonable. Fleck does not allege that he was resisting arrest. The Court can only infer this conclusion by reading the pleadings favorably to Langan and Irwin. At this stage, the Court must read the pleadings favorably to Fleck. When so read, judgment on the pleadings is improper.

III.   COUNTS VI and VII

Langan and Irwin move to dismiss the state law claims because they are barred by the one-year statute of limitations. 745 ILCS 10/8-101(a). The events occurred on September 2, 2006, but Fleck did not file this action until March 17, 2008. Fleck concedes that Counts VI and VII are barred by the statute. Response, at 4. Langan and Irwin are entitled to judgment on these counts.

IV.   PUNITIVE DAMAGES

Langan and Irwin ask for judgment on Fleck's request for punitive damages. The request is moot as to Counts VI and VII. The request is

5

denied as to the federal claims. Fleck is entitled to punitive damages if Langan and Irwin acted with reckless or callous indifference to Fleck's right to be free from the use of excessive force. Smith v. Wade, 461 U.S. 30, 51 (1983). Recklessness in this context requires subjective consciousness of the risk of injury or illegality and a criminal indifference to civil obligations. Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999). The allegations in the pleadings meet this standard. When read in the light most favorable to Fleck, Langan and Irwin repeatedly kicked and beat Fleck without provocation after Fleck had already been handcuffed and sprayed with mace. These allegations, if true, could demonstrate a level of brutality and disregard for Fleck's constitutional rights that would meet the standard for recklessness necessary to entitle Fleck to punitive damages.

THEREFORE, Defendants J. Zeid Langan and R. Irwin's Motion for Judgment on the Pleadings (d/e 20) is ALLOWED in part. Partial judgment on the pleadings is entered: (a) in favor of Defendants J. Zeid Langan and R. Irwin and against Plaintiff John D. Fleck on that part of Count I that alleges a conspiracy to violate Fleck's right by arresting him without probable cause; (b) in favor of Defendant J. Zeid Langan and against Plaintiff John D. Fleck on Count VI of the Complaint; (c) in favor of

Defendant R. Irwin and against Plaintiff John D. Fleck on Count VII of the Complaint. The Motion is otherwise denied. Claims remain against all Defendants. Plaintiff may proceed on these remaining claims.

IT IS THEREFORE SO ORDERED.

ENTER: November 25, 2008

    FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE